## COMMONWEALTH *vs.* ROBERT WALDEN.

The word "maliciously," as used in the Rev. Sts. *c.* 126, § 39, relating to malicious mischief, is not sufficiently defined as " the wilfully doing of any act prohibited by law, and for which the defendant has no lawful excuse."

In order to a conviction of the offence of malicious mischief, the jury must be satisfied, that the injury was done either out of a spirit of wanton cruelty, or of wicked revenge.

THE defendant was indicted in the court of common pleas, and there tried before *Byington*, J., for malicious mischief, in contravention of that part of the thirty-ninth section of the one hundred and twenty-sixth chapter of the revised statutes, which prohibits the wilfully and maliciously destroying or injuring the personal property of another, in any

manner, or by any means, not particularly described or men·· tioned in that chapter.

The indictment alleged that the defendant "a certain mare, of the value of fifty dollars, of the goods, chattels and personal property of one Robert Noble, did then and ·there wilfully and maliciously injure, by then and there wilfully and maliciously shooting and discharging a certain gun, which he, the said Robert Walden, then and there had and held, and which gun was then and there loaded with powde׳ and leaden shot, at and against the said mare, whereby thr said mare was severely wounded in the side, hip and shoulde׳ of the said mare, and thereby was greatly injured and ren- dered of little value."

The jury were instructed, on the trial, that the word "maliciously," in that part of the thirty-ninth section of the Rev. Sts. *c.* 126, upon which the indictment was framed, meant "the wilfully doing of any act prohibited by law, and for which the defendant had no lawful excuse, and tha moral turpitude of mind was not necessary to be shown."

The defendant, being convicted, alleged exceptions to thes instructions.

*H. W. Bishop,* for the defendant.

*Clifford,* attorney general, for the commonwealth.

WILDE, J. This is an indictment for malicious mischief wherein the defendant is charged with the wilful and mali cious shooting, and severely injuring, the mare of one Rob ert Noble, contrary to the Rev. Sts. *c.* 126, § 39. The evi· dence is not reported ; but, whatever it was, the court, in the instruction to the jury, defined the word "maliciously," in said section, to mean "the wilfully doing of any act prohib- ited by law, and for which the defendant had no lawful ex- cuse ; and that moral turpitude of mind was not necessary to be shown." If this definition of the crime charged were cor- rect, it would follow that the words "wilfully and mali- ciously" were intended by the legislature to be understood as synonymous, and that the statute is to be construed in the same manner as it would be if the word "maliciously" had

been omitted. Such a construction, we are of opinion, cannot be sustained ; for if it could be, it would follow, that a person would be liable to be punished criminally, and with great severity, for every wilful trespass, however trifling the injury might be, to the personal property of another, which could not be justified or excused in a civil action against him, for the recovery of damages, by the owner. We do not suppose the learned judge intended to be so understood by the jury ; but they might so understand him. As to that part of the instruction, that moral turpitude of mind was not necessary to be shown, whether correctly stated or not, we do not think it material to consider. The question is not whether the jury were rightly instructed as to what facts would not constitute malice, but as to what facts would constitute malice, or be presumptive and conclusive proof of it. The learned judge was probably of opinion, that if the mare was injured, as alleged, by the discharge of a gun, loaded with powder and shot, that, *ipso facto*, would be conclusive proof of malice. But that question, we think, should have been submitted to the jury. The gun might have been loaded for the purpose of shooting small birds, with a very light charge of powder, and very fine shot, which would not be likely to kill or do great bodily harm ; and we do not know, that any great bodily harm was done. The only facts established by the verdict are, that the mare was injured by the defendant, by the discharge of a gun loaded with powder and shot, and that the act was done wilfully ; but an act may be unlawful, and may be done wilfully, with or without malice, according to the evidence of the motive, and of the circumstances attending the transaction. The evidence, therefore, should have been submitted to the jury, with instructions, that they would not be warranted in finding a verdict of guilty, unless the injury charged in the indictment was done by the defendant, not only wilfully, but also maliciously ; that if the injury was done intentionally and by design, and not by mistake, accident, or inadvertence, that would fully support the allegation in the indictment, that it was done wilfully

according to the true meaning of the statute. But the jury might infer malice from the fact, that the injury was done by the discharge of a gun loaded with powder and shot, unless the inference were rebutted by the evidence, showing that the gun was so loaded that it was not likely to kill or do any great bodily harm ; and the jury should have been so instructed. The jury should also have been instructed, that, to authorize them to find the defendant guilty, they must be satisfied, that the injury was done either out of a spirit of wanton cruelty or wicked revenge. Malicious mischief, amounting to a crime, is so defined by Blackstone, 4 Bl. Com. 244, and in Jacob's Law Dictionary, by Tomlin, under the title " Mischief, Malicious ;" and we have no doubt that such is the true definition of the crime.

*Exceptions sustained, and new trial granted.*